■ BSR (USA) LIMITED, Respondent, v OWENS-CORNING FIBERGLAS CORP., Respondent, and MILAU ASSOCIATES, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered December 5, 1977, denying, *inter alia,* defendant Milau's motion for leave to amend its answer to include the affirmative defense of Statute of Limitations, modified, in the exercise of discretion, without costs or disbursements, to the extent of granting said motion, and, except, as thus modified, affirmed. Order, Supreme Court, New York County entered January 10, 1978, granting, *inter alia,* defendant Owens-Corning's motion to dismiss the cross claim of defen-

dant Milau unanimously modified, on the law, without costs or disbursements, to the extent of reinstating defendant Milau's cross claim and, except, as thus modified, affirmed. Having been interposed in the answers of the other two defendants, Owens-Corning and Patti, the defense of Statute of Limitations should come as no surprise to plaintiff. From the commencement of this action plaintiff has always had to contend with this defense. Inasmuch as Milau's right of contribution (Dole v Dow Chem. Co., 30 NY2d 143), which it has asserted in its cross claims, is not barred by its failure to assert the defense of Statute of Limitations in the main action, it seems to us improvident to deny the defense to Milau in circumstances where it is available to the codefendants. The effect of this denial might well be to deprive Owens-Corning and Patti of the efficacy of a defense which they have properly asserted. Because Milau's right to contribution remains unimpaired by any failure to interpose the defense of Statute of Limitations in the main action, its cross claim against Owens-Corning should not have been dismissed and is therefore reinstated. Concur—Kupferman, J. P., Lupiano, Sandler and Sullivan, JJ.; Lane, J., dissents in a memorandum as to the appeal from the order entered December 5, 1977, as follows: Milau Associates, Inc. (Milau), entered into a contract with BSR (USA) Limited (BSR) for the construction of a building in Rockland County. One of the contract's specifications was that it would install "a 20 year type smooth fiber glass" roof. The roofing was supplied by Owens-Corning Fiberglas Corp. (Owens) and installed by J. P. Patti Company, Inc. (Patti). The building was completed in 1965. In the three years immediately following, BSR continually complained that the roof was defective. Attempts at repairs were unsuccessful. The present lawsuit was commenced in May, 1974 against Milau, Owens, and Patti. The first two causes of action were directed against both Milau and Patti. The first cause of action alleged breach of contract and the second cause of action alleged negligence. The third, fourth and fifth causes of action alleged claims against Owens only. The answers interposed by both Patti and Owens asserted the defense of the bar of the Statute of Limitations; the answer of Milau did not. The defendants also asserted cross claims against each other. Milau moved to amend its answer to assert the defense of the bar of the Statute of Limitations and by separate motion moved for summary judgment against BSR on the grounds of that very same bar. Patti also moved for summary judgment in its favor on the first two causes of action, and Owens moved for summary judgment in its favor as to the fourth and fifth causes of action. Patti and Owens succeeded in obtaining summary judgment in their favor based on their affirmative defenses of the bar of the Statute of Limitations. The cross claims of Milau and Patti against Owens were dismissed. Milau's motion to assert the defense of the Statute of Limitations was denied based on laches. We are concerned on this appeal with the propriety of the denial of Milau's motion to amend its answer and, furthermore, with the correctness of the dismissal of Milau's cross claim. I concur with the conclusion in the majority memorandum modifying the order of Special Term entered January 10, 1978 to the extent of reinstating Milau's cross claim. However, unlike the majority, I would affirm Special Term's denial of Milau's motion to assert the bar of the Statute of Limitations as a defense. Milau waited for a period of approximately two and one-half years after joinder of issue before seeking to amend its answer. No excuse is offered for its failure to seek this relief more expeditiously. Milau must be deemed, therefore, to have waived the defense now sought to be interposed (CPLR 3211, subd [e]). Though BSR was aware of the assertion of the defense of a time bar by

Owens and Patti in their respective answers, BSR must have been equally aware that Milau had *not* asserted that defense. After the passage of two and one-half years time from joinder of issue, BSR was entitled to presume that Milau waived its defense, and its present interposition constitutes surprise (CPLR 3018, subd [b]). Under these circumstances, the court should not allow Milau to amend its answer. Accordingly, the order of the Supreme Court, New York County, entered December 5, 1977, denying the defendant Milau's motion to amend its answer to interpose the defense of the bar of the Statute of Limitations, should be affirmed. The order of the Supreme Court, New York County, entered January 10, 1978, granting, *inter alia,* Owens' motion to dismiss the cross claim of defendant Milau should be modified, on the law, to the extent of reinstating defendant Milau's cross claim and, except, as thus modified, should be affirmed.