■ BSR (USA) LIMITED, Plaintiff, v MILAU ASSOCIATES, INC., Appellant, et al., Defendant. MILAU ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v J. P. PATTI COMPANY, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered May 15, 1978, is unanimously modified, on the law, so as to strike so much of said order as dismisses any cross-claims by appellant Milau Associates, Inc., against respondent J. P. Patti Company, Inc. Order, Supreme Court, New York County, entered October 17, 1978, denying appellant Milau Associates, Inc.'s motion seeking leave to renew the motion involved in the order of May 15, 1978, is unanimously reversed, on the law. Order, Supreme Court, New York County, entered July 31, 1979, granting motion of respondent J. P. Patti Company, Inc., to dismiss third-party complaint of appellant Milau Associates, Inc., is unanimously reversed, on the law, and said motion is denied. Appellant Milau Associates, Inc., shall recover one bill of costs in said appeals against respondent J. P. Patti Company, Inc. On an earlier appeal in this case involving cross claims by appellant Milau against another defendant, this court reinstated defendant Milau's cross claim saying: "Because Milau's right to contribution remains unimpaired by any failure to interpose the defense of Statute of Limitations in the main action, its cross claim against Owens-Corning should not have been dismissed and is therefore reinstated." *(BSR [USA] Ltd. v Owens-Corning Fiberglas Corp.,* 63 AD2d 912, 913.) The same circumstances apply to the cross claim of appellant Milau against Patti and make it inappropriate to dismiss this cross claim. The order of Justice Schwartz entered July 31, 1979 granted the motion to dismiss Milau's third-party complaint on the ground of *res judicata* in view of Justice Gomez' previous decision dismissing the cross claims. As the cross claims are now reinstated, the basis for Justice Schwartz' order has been removed, and, therefore, that order too should be reversed. It may well be that the third-party complaint is redundant in view of the reinstatement of the cross claims, but if the parties deem that significant, they can make appropriate provision to cure the redundancy. Concur—Kupferman, J. P., Birns, Silverman, Ross and Lynch, JJ.